UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

JASON P. QUINN,

                Plaintiff,             **MEMORANDUM & ORDER**
                                      22-CV-4152 (EK)(VMS)
            -against-

LONG ISLAND RAIL ROAD CO.,

                Defendant.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff commenced this personal injury action under the Federal Employers' Liability Act and Safety Appliances Act in July 2022. Compl., ECF No. 1. In November 2024, Chief Magistrate Judge Vera Scanlon certified that discovery was complete and ordered the parties to either commence dispositive motion practice or file a proposed joint pre-trial order. *See* Docket Entry dated Nov. 4, 2024. The parties elected to forgo dispositive motion practice, and the Court ultimately set February 23, 2026 for jury selection ahead of trial. *See* Minute Entry dated Oct. 15, 2025. Jury selection was later rescheduled for April 20 after the parties requested additional time to complete mediation. *See* Docket Order dated Nov. 27, 2025.

        On April 8, the Court reminded the parties of Local Rule 47.1. Docket Order dated Apr. 8, 2026. That rule requires "[a]ll counsel in civil cases" to "seriously discuss the

possibility of settlement a reasonable time prior to trial." And it permits courts to "assess the parties or counsel with the cost of one day's attendance of the jurors if [the] case is settled after the jury has been summoned."  After several pretrial conferences, this case finally settled on the afternoon of April 17 — the business day before trial.

The Clerk's Office summoned fifty-five jurors in this case.  They did not ultimately report, given the late settlement; nevertheless, Local Rule 47.1 applies.  A jury is considered "summoned . . . as of Noon one day prior to the designated date of the trial."  Local R. 47.1; *cf.* Order, *Kreisler v. 63 / 64th Street Assocs., L.P.*, No. 16-CV-2620 (S.D.N.Y. Nov. 3, 2017), ECF No. 72 (assessing juror costs after jurors had been summoned but without determining whether jurors ultimately reported).  The Court will now exercise its discretion to assess costs pursuant to Local Rule 47.1.

Local Rule 47.1 gives effect to the federal courts' "inherent power . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 948 F.2d 1338, 1345 (2d Cir. 1991).[1]  This power extends to "impos[ing] juror costs on those

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks

responsible for delaying a settlement" until after the jury has assembled or the eve of trial. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986); *accord Martinez v. Thrifty Drug & Disc. Co.*, 593 F.2d 992, 993-94 (10th Cir. 1979).

Moreover, the Rule coexists peacefully with a plaintiff's right to a jury trial. In *Rhea v. Massey-Ferguson, Inc.*, the Sixth Circuit upheld a local rule that required certain parties to participate in mediation, and awarded costs if the verdict at trial was more than ten percent below the mediator's evaluation. 767 F.2d 266, 268-69 (6th Cir. 1985). The court explained that "the core of . . . the [Seventh Amendment] right [is] to have a jury *ultimately* determine the issues of fact if they cannot be settled by the parties or determined as a matter of law." *Id.* at 268. Like that fee-shifting arrangement, the application of the Local Rule does not infringe on Quinn's right to "receive[] . . . the jury's determination of the disputed facts." *Id.* at 269. On the contrary, it restricts only the parties' — and counsels' — right to postpone settlement until the last moment.

The settlement here need not have been finalized on the eve of trial, especially after the parties received multiple extensions of time to complete mediation. *See* Docket Entry dated Nov. 26, 2025; Docket Entry dated Feb. 11, 2026. We can therefore say with confidence that the parties acted "in a way

3

that result[ed] in the needless calling of jurors." *Jain v. Ford Motor Credit Co.*, 174 F.R.D. 259, 264-65 (E.D.N.Y. 1997) (assessing juror costs on counsel).

For the foregoing reasons, plaintiff's and defendant's counsel are each directed to pay $1,375 to the Clerk of Court within ten days. The combined figure represents the fifty-dollar daily rate for a juror's service, multiplied by the fifty-five jurors summoned in this case. *See Juror Information*, U.S. Dist. Ct. E.D.N.Y.[2]

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   May 5, 2026
         Brooklyn, New York

---

[2] https://perma.cc/7HGD-9B5J.

4